RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

AMY MATCHISON (CABN 217022)
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:     (202) 307-6422
Fax:           (202) 307-0054
E-mail:   Amy.T.Matchison@usdoj.gov
          Western.Taxcivil@usdoj.gov

DAVID L. ANDERSON
United States Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102

*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCIS BURGA and | ) | |
| FRANCIS BURGA AS | ) | |
| THE ADMINISTRATOR OF THE ESTATE | ) | |
| OF MARGELUS BURGA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, the United States of America, brings this action to collect unpaid federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States complains and alleges as follows:

## INTRODUCTION

1.     This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, made against defendants Francis and Margelus Burga for their failure to report their interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2.     This action is brought with the authorization of the Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANTS

3.     Defendant Francis Burga is a United States citizen, who currently resides in Santa Clara County, California.  Ms. Burga has resided in Santa Clara County since at least 1990, and resided there during the time periods relevant to the civil penalties at issue.

4.     Defendant Margelus Burga was a United States citizen, who resided in Santa Clara County, California.  Mr. Burga's legal residence was Santa Clara County during the time periods relevant to the civil penalties at issue.

5.     Francis and Margelus Burga were married until Margelus died in Janaury 2010.  Francis Burga is the Administrator of the Estate of Margelus Burga.

## JURISDICTION AND VENUE

6.     Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345 and 1355.

7.     Venue properly lies in the Northern District of California under 28 U.S.C. § 1391(b)(1) because Ms. Burga resides within the judicial district.  Further, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8.     A substantial part of the events that gave rise to this action occurred in Santa Clara County, defendants resided in Santa Clara County during the relevant time periods, and Ms. Burga continues to reside there; accordingly, this action can be assigned to the San Jose Division.

## FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS

9.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies.  Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists.  31 C.F.R. § 1010.350(a).

10.     To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR."  For the calendar years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).

11.     31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

12.     Defendants had financial interests in at least 294 foreign bank accounts, in various countries, during at least years 2004 through 2009, as described below:

| Name on Account | Country | Bank | Account Number |
|---|---|---|---|
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX5.027 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX5.034 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX5.041 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX5.058 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX5.065 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX8430 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX9632 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX5582 |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AA |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AF |

| | | | |
|---|---|---|---|
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AG |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AH |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AI |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AJ |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AL |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AM |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AN |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AP |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AQ |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AR |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AS |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AT |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AU |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AV |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AW |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AX |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AY |
| Accipitor Trading Ltd. | British Virgin Islands | LGT | XXX05AZ |
| Accipitor Trading Ltd. | British Virgin Islands | UBS (GR) | XXX9.7P Y |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX01/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX88/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX33/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX02/26 |
| Accipitor Trading Ltd. | British Virgin | MAERKI | XXX34/26 |

| | | | |
|---|---|---|---|
| | Islands | | |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX14/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX01/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX88/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX33/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX02/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX14/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX88/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX33/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX02/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX14/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX14/26 |
| Accipitor Trading Ltd. | British Virgin Islands | MAERKI | XXX14/26 |
| Accipitor Trading Ltd. | British Virgin Islands | UBS AG | XXX-0339 |
| Accipitor Trading Ltd. | British Virgin Islands | UBS AG | XXX9.60R |
| Aljohn Establishment | Liechtenstein | LGT | XXX.024 |
| Aljohn Establishment | Liechtenstein | LGT | XXX8.031 |
| Aljohn Establishment | Liechtenstein | LGT | XXX8.048 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9101 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9118 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9126 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9134 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9142 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9169 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9177 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9185 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9215 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9223 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9231 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9241 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9258 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9266 |
| Aljohn Establishment | Liechtenstein | HYPO | XXX9274 |

| | | | |
|---|---|---|---|
| Aljohn Establishment | Liechtenstein | HYPO | XXX9282 |
| Aljohn Establishment | Liechtenstein | LGT | XXX0119 |
| Aljohn Establishment | Liechtenstein | LGT | XXX2354 |
| Aljohn Establishment | Liechtenstein | LGT | XXX4062 |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AB |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AN |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AP |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AQ |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AR |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AS |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AT |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AU |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AV |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AW |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AX |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AY |
| Aljohn Establishment | Liechtenstein | LGT | XXX68AZ |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BA |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BB |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BC |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BD |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BE |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BF |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BG |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BH |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BI |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BJ |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BK |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BL |
| Aljohn Establishment | Liechtenstein | LGT | XXX68BM |
| Bakewell Assets Ltd. | British Virgin Islands | RB | XXX57.30 |
| Bakewell Assets Ltd. | British Virgin Islands | RB | XXX57.93 |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX6.023 |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX6.030 |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AA |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AC |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AD |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AE |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AF |

| | Islands | | |
|---|---|---|---|
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AG |
| Bakewell Assets Ltd. | British Virgin Islands | LGT | XXX16AH |
| Fondation Romphil | Liechtenstein | LGT | XXX31AB |
| Fondation Romphil | Liechtenstein | LGT | XXX31AL |
| Fondation Romphil | Liechtenstein | LGT | XXX31AM |
| Fondation Romphil | Liechtenstein | LGT | XXX31AP |
| Fondation Romphil | Liechtenstein | LGT | XXX31AQ |
| Fondation Romphil | Liechtenstein | LGT | XXX31AU |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BC |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BD |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BE |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BF |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BG |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BH |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BJ |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BK |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BL |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BM |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BN |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BP |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BQ |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BR |
| Fondation Romphil | Liechtenstein | LGT | XXX31BS |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BT |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BU |
| Fondation Romphil | Liechtenstein | LGT | XXX 31BX |
| Fondation Romphil | Liechtenstein | LGT | XXX 31CB |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AA |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AB |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AC |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AD |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AG |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AH |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX17AI |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AJ |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AK |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AN |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AP |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AQ |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 7AS |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AT |
| Fondation Romphil | Liechtenstein | LGT (SIN) | XXX 17AU |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AA |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AB |

| | | | |
|---|---|---|---|
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AC |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AF |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AH |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AL |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AM |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AP |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AS |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AT |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AU |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AV |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AW |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AX |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AY |
| Fondation Romphil Septo PM | Liechtenstein | LGT | XXX 70AZ |
| Francis Burga | Switzerland | RB | XXX 90.49 |
| Framach Invest AG | Switzerland | RB | XXX 66.90 |
| Framach Invest AG | Switzerland | UBS (GR) | XXX 4.01F |
| Framach Invest AG | Switzerland | UBS (GR) | XXX 0001 |
| Framach Invest AG | Switzerland | UBS Chur | XXX 54.S1 |
| Framach Invest AG | Switzerland | RB | XXX 6.36/1 |
| Glide/Write Aljohn (S) PTE Ltd. | Singapore | DBS | XXX 4-022 |
| Glide/Write Aljohn (S) PTE Ltd. | Singapore | DBS | XXX 6-022 |
| Glide/Write Aljohn (S) PTE Ltd. | Singapore | DBS | XXX 320-0 |
| Glide/Write Cygnus | Japan | TOKYO | XXX 6549 |
| Glide/Write Cygnus | Japan | TOKYO | XXX 5499 |
| Glide/Write Cygnus | Japan | TOKYO | XXX 6738 |
| Glide/Write Cygnus | Japan | TOKYO | XXX 7048 |
| Glide/Write Cygnus | Japan | TOKYO | XXX 7051 |
| Gobelia Property Inc. | Panama | HYPO | XXX 1019 |
| Gobelia Property Inc. | Panama | HYPO | XXX 1027 |
| Gobelia Property Inc. | Panama | HYPO | XXX 1035 |
| Gobelia Property Inc. | Panama | HYPO | XXX 1043 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX33/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 14/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX46/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 33/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX14/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 14/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX 14/26 |
| Gobelia Property Inc. | Panama | MAERKI | XXX14/26 |
| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AA |
| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AB |
| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AC |

| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AD |
|---|---|---|---|
| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AE |
| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AK |
| Gobelia Property Inc. | Panama | LGT (SIN) | XXX 97AL |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 88/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 33/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 02/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 34/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 14/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX4/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 01/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 14/26 |
| Gobelia Property Inc. Septo | Panama | MAERKI | XXX 14/26 |
| Huritga Int. Holding (S) Pte Ltd | Singapore | DBS | XXX 5-022 |
| Huritga Int. Trading and Fin. Ltd. | Liechtenstein | LGT | XXX 62AC |
| Huritga Int. Trading and Financint Ltd. | Liechtenstein | HYPO | XXX 4019 |
| Huritga Int. Trading and Financint Ltd. | Liechtenstein | LGT | XXX 2.026 |
| Intervino AG | Liechtenstein | VPB | XXX2.013 |
| Intervino AG | Liechtenstein | VPB | XXX2.999 |
| Jonax International AG | Liechtenstein | B. Pasche | XXX 878_9 |
| Jonax International AG | Liechtenstein | SWISSFIRST | XXX 9.100 |
| Jonax International AG | Liechtenstein | WEGELIN | XXX 9.101 |
| Jonax International AG | Liechtenstein | SWISSFIRST | XXX 9.200 |
| Limoni Real Estate Inc. | Panama | RB | XXX 38.02 |
| Limoni Real Estate Inc. | Panama | RB | XXX 38.26 |
| Limoni Real Estate Inc. | Panama | RB | XXX 38.45 |
| Limoni Real Estate Inc. | Panama | RB | XXX 38.77 |
| Limoni Real Estate Inc. | Panama | RB | XXX 38.80 |
| Limoni Real Estate Inc. | Panama | RB | XXX 38.85 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3000 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3001 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3002 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3003 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3004 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3005 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3006 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3007 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3008 |
| Limoni Real Estate Inc. | Panama | RB | XXX 3010 |
| Long Reign Company Ltd. | China | SCB | XXX 053-1 |
| Long Reign Company Ltd. | China | SCB | XXX 695-4 |
| Luxus Kristall AG | Switzerland | GKB | XXX 0.100 |

| | | | |
|---|---|---|---|
| Margelus Burga | Switzerland | RB | XXX 50.17 |
| Margelus Burga | Switzerland | UBS Lugano | XXX 280.0 |
| Margelus Burga | Switzerland | UBS Lugano | XXX 280.1 |
| Margelus Burga | Switzerland | UBS Lugano | XXX 405.0 |
| Margelus Burga | Liechtenstein | LLB | XXX.38 |
| Margelus Burga | Liechtenstein | LLB | XXX 38.57 |
| Margelus Burga | Liechtenstein | LLB | XXX 31.87 |
| Margelus Burga | Switzerland | UBS AG | XXX 280.0 |
| Margelus Burga | Switzerland | UBS AG | XXX 280.1 |
| Margelus Burga | Switzerland | UBS AG | XXX 280.3 |
| Margelus Burga | Switzerland | UBS AG | XXX 280.4 |
| Margelus Burga | Switzerland | UBS AG | XXX 280.5 |
| Margelus Burga | Switzerland | UBS AG | XXX405.0 |
| Margelus Burga | Switzerland | GKB | XXX 2.400 |
| Margelus Burga | Switzerland | GKB | XXX 2.401 |
| Micadema | Liechtenstein | UBS Lugano | XXX 7.60Y |
| Micadema Stiftung | Liechtenstein | Hypo | XXX 9018 |
| Micadema Stiftung | Liechtenstein | Hypo | XXX 9026 |
| Micadema Stiftung | Liechtenstein | Hypo | XXX 9034 |
| Micadema Stiftung | Liechtenstein | UBS Buchs | XXX 2.01C |
| Micadema Stiftung | Liechtenstein | UBS Buchs | XXX2.60R |
| Micadema Stiftung | Liechtenstein | UBS Buchs | XXX 2.61H |
| Micadema Stiftung | Liechtenstein | UBS Buchs | XXX 2.62G |
| Micadema Stiftung | Liechtenstein | UBS Buchs | XXX 2.63P |
| Micadema Stiftung | Liechtenstein | UBS Buchs | XXX 2.M1M |
| Micadema Stiftung | Liechtenstein | UBS Lugano | XXX 7.03Y |
| Micadema Stiftung | Liechtenstein | UBS Lugano | XXX 7.61B |
| Micadema Stiftung | Liechtenstein | UBS Lugano | XXX 7.62E |
| Micadema Stiftung | Liechtenstein | UBS Lugano | XXX 7.63M |
| Red Sun Financial Business S.A. | Panama | RB | XXX 10.05 |
| Red Sun Financial Business S.A. | Panama | RB | XXX 10.09 |
| Rixmat Asia Pte. Ltd. | Singapore | OCBC | XXX 6301 |
| Rixmat Asia Pte. Ltd. | Singapore | OCBC | XXX 1001 |
| Tembrix AG | Switzerland | UBS Chur | XXX 7.01Q |
| Tembrix AG | Switzerland | UBS Chur | XXX 7.03B |
| Tembrix AG | Switzerland | UBS Chur | XXX 7.60B |
| Tembrix AG | Switzerland | UBS Chur | XXX 7.61E |
| Tembrix AG | Switzerland | CREDIT S | XXX 40-81 |
| Tembrix AG | Switzerland | MAERKI | XXX 01/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 33/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 14/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 33/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 14/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 33/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 14/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 33/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 14/26 |

| Tembrix AG | Switzerland | MAERKI | XXX 33/26 |
| Tembrix AG | Switzerland | MAERKI | XXX 14/26 |
| Tru Lieu / GW Vietnam Co. Ltd. | Vietnam | ANZ | XXX 9504 |
| Tru Lieu / GW Vietnam Co. Ltd. | Vietnam | ANZ | XXX 8634 |
| Tru Lieu / GW Vietnam Co. Ltd. | Vietnam | BIDV | XXX 6417 |
| Tru Lieu / GW Vietnam Co. Ltd. | Vietnam | BIDV | XXX 4105 |
| Tru Lieu / GW Vietnam Co. Ltd. | Vietnam | BIDV | XXX 4488 |

Bank Abbreviations
LGT = Liechtenstein Global Trust
DBS = Development Bank of Singapore Limited
Maerki  = Maerki Baumann & Co. AG
HYPO = Hypo Alpe-Adria-Bank International renamed as Heta Asset Resolution.
RB = Raiffeisen Zentralbank Österreich AG
UBS Branches: UBS Chur, UBS Buchs, UBS Lugano, UBS AG based in Zurich & Basel
BIDV = Joint Stock Commercial Bank for Investment and Development of Vietnam
Swissfirst = Swissfirst AG, in December 2006 bought by Bellevue Group AG
Wegelin = Wegelin & Co. was sold to the Raiffeisen
Banking Group.
ANZ = Australia and New Zealand Banking Group Limited
OCBC = Oversea-Chinese Banking Corporation Singapore
Credit S = Credit Suisse Group
VPB = VP Bank AG
LLB = (Liechtensteinische Landesbank) National Bank of Liechtenstein
GKB = Graubundner Kantonalbank
SCB = Standard Chartered Bank (Hong Kong) Limited
Tokyo = Bank of Tokyo-Mitsubishi (MUFG)
B Pasche = Banque Pasche SA

13.     For each of the years 2004 through 2009, the aggregate amounts in the accounts listed in paragraph 12 above, exceeded $10,000 in U.S. currency.

14.     Defendants were required by law to file FBARs reporting their financial interest in the accounts listed in paragraph 12 above, for the years 2004 through 2009, as well as any other year that satisfied the FBAR reporting requirements.

15.     Defendants did not file FBARs that disclosed the accounts listed in paragraph 12 above, for the years 2004 through 2009.

***Willful Failure to File FBARs***

***Francis Burga***

16.     Before moving to the United States, Ms. Burga obtained a nursing degree while in her native country the Philippines.  In 1974, Ms. Burga also earned an undergraduate degree in business management from Mesa College in San Diego, California.

17.     From 1972 through 1982, Ms. Burga worked at National Micronetics, which made magnetic head/wafer assemblies for computers.  Ms. Burga was promoted quickly at National Micronetics, having started doing computer assembly and inspection work, she was promoted to Supervisor of Research and Development, then became the Supervisor of the Advance Manufacturing Department, was then promoted to Coordinator of Sales, Engineering and Manufacturing and was ultimately named Manager of Sales, Engineering and Manufacturing.

18.     In 1982, with two colleagues from National Micronetics, she co-founded Magnebit Corporation.  Magnebit supplied magnetic heads and test heads to computer manufacturers.  Ms. Burga was the Vice President and Director of Manufacturing and Sales for Magnebit until it was bought out in late 1988.

### *Margelus Burga*

19.     Mr. Burga was a naturalized U.S. citizen born in Romania.  He was a mechanical engineer with two Masters of Science degrees, one from the University of Bucharest and the other from Santa Clara University.

20.     In 1988, Mr. Burga founded Marburg Technologies, Inc.  Marburg also does business as Glide/Write (Glide/Write USA).  Marburg designs and manufactures precision components and assemblies for the data storage industry.

21.     Between 1997-2000, Margelus Burga and his brother Alexander Burga filed for eight glide head related patents in the United States.  The patents were granted between 1997 and 2003 and were commercially exploited by Marburg.

### *Mr. and Ms. Burga*

22.      In 1989, Mr. Burga offered Ms. Burga a job with Marburg, which she declined.  In early 1990, Mr. Burga again offered Ms. Burga a job and an ownership interest in Marburg d.b.a. Glide/Write USA.  She accepted his second job offer and was given the title of Vice President of Manufacturing and Sales.

23.     In 1992, Ms. Burga assumed two corporate officer positions for Marburg:  Treasurer and Secretary.

24.     On December 24, 1991, Alexander Burga was born to Mr. and Ms. Burga.  Their second son, Jonathan Burga, followed on February 27, 1993.

25.     On July 25, 1995, Mr. Burga and Ms. Burga were married.

### Foreign Bank Accounts and Entities

26.     In October 1993, the Burgas traveled to Lugano, Switzerland.  While there, they opened a joint bank account with the Swiss Bank Corporation (which later reorganized and was renamed Union Bank of Switzerland, or UBS).

27.     Mr. and Ms. Burga used their U.S. passports to open their UBS account and requested that the bank retain all mail from the account.  Both Mr. and Ms. Burga signed the opening documents for the account and each had the unrestricted right to dispose of the account's assets.

28.     In 1994, Mr. and Ms. Burga established Accipitor Trading Ltd. in the British Virgin Islands.

29.     In May of 1995, Mr. and Ms. Burga traveled to Vaduz, Liechtenstein.  While there, they met with financial advisor Peter Meier at Liechtenstein Global Trust.

30.     The Burgas expressed to Mr. Meier their desire to set up a company in Liechtenstein to organize the Asian sales of Glide/Write outside of the United States.  The Burgas also expressed to Mr. Meier that it was important to them to build and protect a fortune outside of the United States and then to later obtain residency in Switzerland.

31.     At the Burgas' request, Mr. Meier developed a solution that would allow the Burgas to keep their foreign profits outside the United States.  Initially, Mr. Meier set up a company, which he managed, to receive the profits of the Burgas' Asian operations.

32.     As the profits grew rapidly, Mr. Meier suggested the creation of a Liechtenstein *stiftung* (*stiftung* translates into English as a "foundation," but is treated as a trust for U.S. tax purposes).

33.     In 1996, Romphil Foundation, a Liechtenstein *stiftung,* was created for the Burgas.  Romphil is a combination of the names of Mr. and Ms. Burga's native countries, Romania and the Philippines.

34.     The Burgas installed Mr. Meier as the Trustee and Director of the Romphil Foundation, while retaining control over Romphil by appointing Mr. Burga founder and beneficial owner and Ms. Burga as a secondary beneficiary.

35.     The Burgas used Romphil to create a complex structure that grew to include at least 25 tiered entities based in Liechtenstein, Switzerland, Singapore, and other European and Asian countries. Those entities have thus far been identified as follows:

(a) Accipitor – created in the British Virgin Islands in 1994.  In 1998, Accipitor purchased two properties on Sobey Road in Saratoga, California, which were used by the Burgas as their personal residence, for $2.9 million from Glide/Write USA.

(b) Aljohn Establishment - created in Liechtenstein for the Burgas in 1995.  Aljohn is a combination of the names of Mr. and Ms. Burga's sons, Alexander and Jonathan.

(c) B&L Group, AG – incorporated in Switzerland in 2010, owns Golden Café and Hotel Krone.

(d) Bakewell Assets – founded in the British Virgin Islands in 1998, functions as a holding company.  Mr. Meier, and both Burgas are named as members of the Board with signatory authority.

(e) Framach Investment AG – incorporated in Switzerland in 2007, holds property.

(f) Georgilo Assoc. – incorporated in the British Virgin Islands in 2007, its purpose is unknown.

(g) Gobellia – incorporated in Panama in 2008, functions as a holding company.

(h) Golden Café Central, AG – incorporated in Switzerland in 2010, provides gastronomy services in Switzerland and holds ownership of Hotel Krone assets.

(i) Glide/Write Cygnus Corporation – incorporated in Japan in 2002, provides sales, commissions, trading, and agent services for distribution of computer hardware in Japan. It is believed to be a shell company – that is an entity that has no active business and exists only in name as a vehicle for another company's business operations.

(j) Glide/Write Singapore – incorporated in Singapore in 1997, provides sales, commissions, trading, and agent services for distribution of computer hardware in Singapore.  It is believed to be a shell company.

(k) Hotel Krone, AG – incorporated in Switzerland in 2010, provides gastronomy services in Switzerland.

(l) Huritiga International, Singapore – incorporated in 2008, owns 100% of the stock of Ahead Magnetics, Inc. (like Glide/Write USA, Ahead Magnetics markets precision components and assemblies for data storage and retrieval to large hard drive manufacturers.  Ahead Magnetics is one of three domestic corporations owned and operated by Mr. and Ms. Burga through their offshore entities.)

(m) Huritiga International Trading and Financing Limited – incorporated in Liechtenstein in 1999, 100% shareholder of Huritiga International, Singapore.

(n) Intervino AG – incorporated in Liechtenstein in 1989, owns 100% of Sta. Agricola Rosoretto

(o) Jonax International Aktienesllschaft – incorporated in Liechtenstein in 2001, owns the Burgas' automobiles.

(p) Limoni Properties – incorporated in Panama in 2008, functions as a holding company.

(q) Long Reign – incorporated in Hong Kong in 1997, provides sales, commissions, trading, and agent services for distribution of computer hardware in China.  It is believed to be a shell company.  Long Reign processed payments between Glide/Write USA and Tru Lieu.  By 2012, Long Reign paid $1.7 million in dividends to its parent company Red Sun.  Of the dividends paid to Red Sun, almost $1 million was then paid to Ms. Burga in the form of three separate interest-free loans.

(r) Luxury Swiss SA – founded in Switzerland, it is believed to be closed.

(s) Luxus Kristal, AG – incorporated in Switzerland in 2008, manufactures household tiles.

(t) Red Sun – incorporated in Panama in 2002, functions as a holding company.

(u) Rixmat Asia – incorporated in Singapore in 2009, provides sales, commissions, trading, and agent services for distribution of computer hardware in Singapore.  It is believed to be a shell company.

(v) Sewitech, AG – incorporated in Switzerland in 2002, manufactures lawnmowers.

(w) Sta. Agricola Rosoretto, SRI – incorporated in Italy in 2010, operates a winery in Italy and holds the Italian home of the Burgas.

(x) Tembrix, AG – incorporated in Switzerland in 1988.  In 1998, Tembrix purchased Glide/Write USA for $4 million and then loaned Glide/Write USA $10 million to cover operating shortfalls.

(y) Tru Lieu – founded in Vietnam in 2003, manufactures computer hardware and is also known as Glide/Write Vietnam.

36.     During the years at issue and using the accounts described in paragraph 12 above, the Burgas continued a false invoicing scheme created by Mr. Meier to divert the offshore profits from their computer hardware business to some of their offshore entities described in paragraph 35 above.

37.     From 2001 through 2009, Ms. Burga was the Vice President of Sales for Glide/Write and after the death of her husband in 2010, she became the President.  In both positions, she was the starting point in the false invoicing scheme which operated as follows:

(a) Ms. Burga would negotiate sales on behalf of Glide/Write USA with third-party customers such as Seagate, Fuji, and Showa Denko, located in Asia.

(b) The Asian customers were instructed to send their purchase orders to Glide/Write Singapore or Glide/Write Japan.

(c) Glide/Write Japan would translate the purchase orders into English and then send them to Glide/Write USA and Glide/Write Singapore.

(d) Glide/Write Singapore would create a new purchase order for Glide/Write USA showing Ingenieruburo Koch Anstalt (IKA is an entity owned by Andreas Koch, a Liechtenstein citizen and friend of the Burgas) as the customer (instead of Seagate, Fuji, or Showa Denko, for example) and reflect a price substantially less than the one the actual customer's purchase order reflected.

(e) Glide/Write USA would record the IKA purchase order reflecting the reduced price.  It would then manufacture the products and ship them to either the actual customer directly or to Glide/Write Japan or Glide/Write Singapore.

(f) Glide/Write Japan would pay Glide/Write Singapore for all products purchased from Glide/Write USA.

(g) Glide/Write Singapore would then pay IKA an amount roughly equal to 99% of the amount of the actual customer purchase order.

(h) IKA would then pay Glide/Write USA the reduced amount reflected on the purchase order created by Glide/Write Singapore.

(i) IKA would pay the balance, roughly 50%, to Aljohn as a "commission."

38.   The scheme can be illustrated as follows:

(a) Ms. Burga sells 100 parts to Showa Denko for $150.

(b) Denko sends its order to Glide/Write Japan.

(c) Glide/Write Japan would send a purchase order for 100 parts to Glide/Write Singapore and a purchase order for 100 parts to Glide/Write USA.

(d) Glide/Write USA would take its purchase order and build 100 parts.

(e) Glide/Write Singapore would then send a second purchase order to Glide/Write USA showing IKA ordered 100 parts for a reduced price of $75.

(f) Glide/Write USA would record the IKA purchase order and ship 100 parts to Glide/Write Japan.

(g) Glide/Write Japan would ship all the parts to Denko.

(h) Glide/Write Singapore would then send $75 to Glide/Write USA and $74 to IKA.

(i) Glide/Write Singapore would keep $1 for its "fee."

(j) The $74 would be diverted and deposited in an offshore account.

39.     In 2001, Mr. and Ms. Burga both executed a Form A, affirming that they were the beneficial owners of the UBS account they opened in October 1993 (*see* ¶ 26).

40.     On June 21, 2002, Mr. and Ms. Burga signed a "Supplement for New Account US Status," which indicated to UBS that they were U.S. persons liable for tax in the United States.

41.     Mr. and Ms. Burga signed a second "Supplement for New Account US Status" on July 14, 2006.  That same day both also executed documents waiving their right to invest in U.S. securities.

42.     Notwithstanding these actions, both failed to disclose their joint bank account on Schedule B of their federal income tax returns between 1995 and 2009.

43.     On August 7, 2007, at the beginning of a civil tax examination of the Burgas' federal income tax returns, the IRS interviewed Mr. Burga.

44.     During that interview, Mr. Burga told the IRS Revenue Agent conducting the interview that he and Ms. Burga did not have any foreign bank accounts, that they did not own any foreign corporations, and that they did not have any trusts.  Mr. Burga even went so far as to say that he understood that trusts were used to avoid paying taxes.

45.     After his interview with the IRS but still on August 7, 2007, Mr. Burga caused to be transferred all of the funds, more than $6 million, out of the Burgas' joint UBS account and into Micadema *stifutung*.

46.     Micadema *stifung* had been created in 2007 in Liechtenstein with Mr. Burga as the founder and beneficial owner.

47.     On August 27, 2007, Ms. Burga, who at the time was known as Ms. Guevara, was designated as successor protector of Micadema.

48.     On December 18, 2008, the Burgas closed the Romphil *stifung* and transferred over $100 million in assets (as well as Tembrix, Accipitor, and Aljohn) to a new *stifung* in Liechtenstein, Marfran.  Marfran is a combination of the Burgas' first names, Margelus and Francis.

**CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

*Liability for Civil Penalties*

49.     During the years 2004 through 2009, defendants Mr. Burga and Ms. Burga were United States persons within the meaning of 31 C.F.R. § 1010.350(b).

50.     During the years 2004 through 2009, defendants had financial interests, within the meaning of 31 C.F.R. § 1010.350(e), over the accounts described in paragraph 12 above.

51.     The accounts described in paragraph 12 above are each a bank account in a foreign country.

52.     During the years 2004 through 2009, the aggregate balance in all bank accounts exceeded $10,000.

53.     Defendants failed to file an FBAR identifying their financial interest in the accounts described in paragraph 12 above, with regard to the 2004 through 2009 years, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

54.     The failure of defendants to timely file, and/or properly identify all of the foreign accounts in which they held a financial interest with regard to the 2004 through 2009 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

55.     Ms. Burga has admitted that Mr. Burga is liable for the civil FBAR penalties assessed.

*Assessment and Collection of the Civil Penalties*

56.     On about June 13, 2017, a delegate of the Secretary of the Treasury timely assessed civil penalties against each Margelus Burga and Francis Burga in the amount of $52,581,605, due to their willful failure to timely file FBARs to disclose their accounts to the IRS for the years 2004 through 2009.

57.     A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to defendants for the FBAR penalties at defendants' last known address.

58.     In addition to the FBAR penalties, defendants owe late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

59.     As of May 30, 2019, the unpaid balance owed to the United States by defendants for the FBAR penalties, the late payment penalty, applicable fees and interest, less any payments, was $119,603,703.38.

60.     The United States is entitled to a judgment against defendants in the amount of $119,603,703.38 as of May 30, 2019, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE, the United States requests that the Court:

A.     Enter judgment in favor of the United States of America and against Francis Burga and Francis Burga as the Administrator of the Estate of Margelus Burga, in the amount of $119,603,703.38 as of May 30, 2019, plus statutory accruals from that date until fully paid; and

B.     Award the United States of America its costs, and such other further relief as the Court deems just and proper.

Dated this 10th day of June, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Amy Matchison*
AMY MATCHISON
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 305-4929
Email:  Amy.T.Matchison@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**     ❏ Yes   ❏ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

(Place an "X" in One Box Only)          ( )  SAN FRANCISCO/OAKLAND      ( ) SAN JOSE      ( ) EUREKA

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.