JAY R. WEILL (State Bar No. 75434)
E-Mail:       *jweill@sideman.com*
STEVEN M. KATZ (State Bar No. 164617)
E-Mail:       *skatz@sideman.com*
TRAVIS W. THOMPSON (State Bar No. 309106)
E-Mail:       *tthompson@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for FRANCIS BURGA and
FRANCIS BURGA AS THE ADMINISTRATOR
OF THE ESTATE OF MARGELUS BURGA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS BURGA and FRANCIS BURGA AS THE ADMINISTRATOR OF THE ESTATE OF MARGELUS BURGA,<br><br>Defendants. | Case No. 5:19-cv-03246 EJD<br><br>**DEFENDANTS FRANCIS BURGA IN HER INDIVIDUAL CAPACITY AND FRANCIS BURGA AS THE ADMINISTRATOR OF THE ESTATE OF MARGELUS BURGA'S ANSWER TO THE COMPLAINT**<br><br>Honorable Edward J. Davila |

Defendants FRANCIS BURGA ("Francis") and FRANCIS BURGA AS THE ADMINISTRATOR OF THE ESTATE OF MARGELUS BURGA ("the Estate"), hereby answer the Complaint filed by Plaintiff UNITED STATES OF AMERICA ("Plaintiff") as follows:

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Francis admits the allegations contained therein, except denies that she is personally liable for the FBAR penalties assessed against her and denies that Margelus Burga is a defendant in this action. The Estate admits the allegations contained therein, except denies it is liable for the FBAR penalties assessed against it and denies that Margelus Burga is a defendant in this action.

2. Answering Paragraph 2, Francis and the Estate deny for lack of information the allegations contained therein.

3. Answering Paragraph 3, Francis and the Estate admit the allegations contained therein.

4. Answering Paragraph 4, Francis and the Estate admit the allegations contained therein, except deny that Margelus Burga is a defendant in this action.

5. Answering Paragraph 5, Francis and the Estate admit the allegations contained therein.

6. Answering Paragraph 6, Francis and the Estate admit the allegations contained therein.

7. Answering Paragraph 7, Francis and the Estate admit the allegations contained therein.

8. Answering Paragraph 8, Francis and the Estate admit the allegations contained therein.

9. Answering Paragraph 9, Francis and the Estate allege that 31 U.S.C § 5314 and 31 C.F.R. § 1010.350(a) speak for themselves.

10. Answering Paragraph 10, Francis and the Estate allege that 31 C.F.R. § 1010.306(c) speaks for itself.

1  11. Answering Paragraph 11, Francis and the Estate allege that 31 U.S.C. § 5321(a)(5) speaks for itself.

12. Answering Paragraph 12, Francis and the Estate deny the allegations contained therein, except admit that on October 18, 1993 a joint bank account (ending in 405) was opened by Margelus Burga, before Margelus Burga and Francis were married, at the Swiss Bank Corporation in Lugano, Switzerland (hereinafter referred to as "UBS Lugano") listed at page 10 of the Complaint. The joint bank account was opened up by Margelus Burga using the names Margelus Burga and Francis Guevara.

13. Answering Paragraph 13, Francis and the Estate deny the allegations as to the balance in each account for lack of sufficient information or personal knowledge; admit that the aggregate balances of all of the accounts combined exceeded $10,000.

14. Answering Paragraph 14, Francis and the Estate deny the allegations contained therein. Francis alleges that she had reasonable cause for any failure to file an FBAR for the UBS Lugano account or any of the other listed accounts. The Estate alleges it had no obligation to file any FBAR for the 2004 through 2008 years as it did not exist until Margelus Burga's death. The Estate further alleges that it filed an FBAR as to the 2009 year in 2010.

15. Answering Paragraph 15, Francis and the Estate admit the allegations contained therein as to the 2004 to 2008 years. Francis alleges that she had reasonable cause for failing to file any FBARs related to the accounts listed in paragraph 12. The Estate denies that it was required to file FBARs for the 2004 to 2008 years and alleges that it filed an FBAR as to the 2009 year and had reasonable cause to the extent that FBAR excluded any accounts.

16. Answering Paragraph 16, Francis and the Estate admit the allegations contained therein, except deny that Francis ever earned an undergraduate degree.

17. Answering Paragraph 17, Francis and the Estate admit the allegations contained therein.

18. Answering Paragraph 18, Francis and the Estate admit the allegations contained therein.

19. Answering Paragraph 19, Francis and the Estate admit the allegations contained therein.

20. Answering Paragraph 20, Francis and the Estate admit the allegations contained therein.

21. Answering Paragraph 21, Francis and the Estate admit the allegations contained therein, except deny that the patents were commercially exploited.

22. Answering Paragraph 22, Francis and the Estate admit the allegations contained therein.

23. Answering Paragraph 23, Francis and the Estate admit the allegations contained therein.

24. Answering Paragraph 24, Francis and the Estate admit the allegations contained therein.

25. Answering Paragraph 25, Francis and the Estate admit the allegations contained therein.

26. Answering Paragraph 26, Francis and the Estate deny each and every allegation contained therein, except admit that in October 1993 Margelus Burga opened up a joint account at UBS Lugano under his name and that of Francis Guevara.

27. Answering Paragraph 27, Francis and the Estate deny each and every allegation contained therein, except admit that pursuant to the demand of Margelus Burga, Francis signed the opening document at UBS Lugano with her passport.

28. Answering Paragraph 28, Francis and the Estate deny that Francis established Accipitor Trading Ltd. Further, Francis and the Estate deny for lack of information or personal knowledge whether Margelus Burga established Accipitor Trading.

29. Answering Paragraph 29, Francis and the Estate admit Francis traveled to Vaduz, Lichtenstein with Margelus Burga in May 1995 and was introduced to Peter Meier by Margelus Burga as his friend; otherwise deny.

30. Answering Paragraph 30, Francis and the Estate deny the allegations contained therein with respect to Francis and deny for lack of information the allegations as to Margelus Burga.

31. Answering Paragraph 31, Francis and the Estate lack sufficient information to admit or deny the allegations except each deny that Francis made any request to Peter Meier or had any knowledge of what he did for, or discussed with, Margelus Burga.

32. Answering Paragraph 32, Francis and the Estate lack sufficient information to admit or deny the allegations contained therein, except deny that Peter Meier made any suggestions to Francis.  Francis and the Estate deny the allegation as to the U.S. tax treatment of a *stiftung* on the grounds that this is a legal conclusion.

33. Answering Paragraph 33, Francis and the Estate lack sufficient information to admit or deny the allegations contained therein, except deny that any Lichtenstein *stiftung* was created at Francis's request.

34. Answering Paragraph 34, Francis and the Estate deny that Francis took any alleged actions relating to Romphil Foundation or that Francis had any knowledge of the Romphil Foundation and deny for lack of information or personal knowledge what Margelus Burga or Peter Meier did.

35. Answering Paragraph 35, Francis and the Estate deny the introductory allegations in Paragraph 35 as to Francis and deny the allegations for lack of information as to Margelus Burga.  With respect to the specific allegations regarding the entities listed in 35(a) through 35(y) of the Complaint, Francis and the Estate answer as follows:

35(a)   Answering Paragraph 35(a), Francis and the Estate deny that Francis took any alleged actions to create Accipitor in the British Virgin Islands in 1994 or that she had any knowledge of Accipitor and deny for lack of information what Margelus Burga did.  Francis and the Estate lack sufficient information to either admit or deny that in 1998 Accipitor purchased two properties on Sobey Road in Saratoga, California for $2.9 million from Glide/Write USA.  Francis admits that she resides at 18570 Sobey Road, Saratoga, CA 95070 and resided at that address with Margelus Burga.

35(b) Answering Paragraph 35(b), Francis and the Estate deny that Francis took any alleged actions to create Aljohn Establishment in Liechtenstein in 1995 and deny for lack of information what Margelus Burga did. Francis and the Estate lack sufficient information to either admit or deny that Aljohn is a combination of the names of Mr. and Mrs. Burga's sons, Alexander and Jonathan.

35(c) Answering Paragraph 35(c), Francis and the Estate deny that Francis took any alleged actions to create B&L Group, AG in Switzerland in 2010 or that Francis had any knowledge of B&L Group, AG and deny for lack of information what Margelus Burga did. Francis and the Estate lack sufficient information to either admit or deny that B&L Group, AG owns Golden Cafe and Hotel Krone.

35(d) Answering Paragraph 35(d), Francis and the Estate deny that Francis took any alleged actions to create Bakewell Assets in the British Virgin Islands in 1998 or that Francis had any knowledge of Bakewell Assets and deny for lack of information what Margelus Burga did. Francis and the Estate deny for lack of information that Bakewell functions as a holding company and that Mr. Meier and the Burgas are named as members of the Board of Bakewell Assets with signatory authority.

35(e) Answering Paragraph 35(e), Francis and the Estate deny that Francis took any alleged actions to create Framach Investment AG in Switzerland in 2007 or that Francis had any knowledge of Framach Investment AG and deny for lack of information what Margelus Burga did. Francis and the Estate deny for lack of information that Framach Investment AG holds property.

35(f) Answering Paragraph 35(g), Francis and the Estate deny that Francis took any alleged actions to create Georgilo Assoc. in the British Virgin Islands in 2007 or that Francis had any knowledge of Georgilo Assoc. and deny for lack of information what Margelus Burga did.

35(g) Answering Paragraph 35(g), Francis and the Estate deny that Francis took any alleged actions to create Gobellia in Panama in 2008 or that Francis had any knowledge of Gobellia and deny for lack of information what Margelus Burga did. Francis and the Estate deny for lack of information that Gobellia functions as a holding company.

**1**      35(h)   Answering Paragraph 35(h), Francis and the Estate deny that Francis took any alleged actions to create Golden Cafe Central, AG in Switzerland in 2010 or that Francis had any knowledge of Golden Cafe Central, AG and deny for lack of information what Margelus Burga did.  Francis and the Estate deny for lack of information that Golden Cafe Central, AG provides gastronomy services in Switzerland and holds ownership of Hotel Krone assets.

35(i)   Answering Paragraph 35(i), Francis and the Estate deny that Francis took any alleged actions to create Glide/Write Cygnus Corporation in Japan in 2002 and deny for lack of information what Margelus Burga did.  Francis and the Estate admit that Glide/Write Cygnus Corporation provides sales, commissions, trading, and agent services for distribution of computer hardware in Japan.  Francis and the Estate deny for lack of information that Glide/Write Cygnus Corporation is a shell company.

35(j)   Answering Paragraph 35(j), Francis and the Estate deny that Francis took any alleged actions to create Glide/Write Singapore in Singapore in 1997 and deny for lack of information what Margelus Burga did.  Francis and the Estate admit that Glide/Write Singapore provides sales, commissions, trading, and agent services for distribution of computer hardware in Singapore.  Francis and the Estate deny for lack of information that Glide/Write Singapore is a shell company.

35(k)   Answering Paragraph 35(k), Francis and the Estate deny that Francis took any alleged actions to create Hotel Krone, AG in Switzerland in 2010 and deny for lack of information what Margelus Burga did.  Francis and the Estate deny for lack of information that Hotel Krone, AG provides gastronomy services in Switzerland.

35(l)   Answering Paragraph 35(l), Francis and the Estate deny that Francis took any alleged actions to create Huritiga International, Singapore in 2008 and deny for lack of information what Margelus Burga did.  Francis and the Estate deny for lack of information that Huritiga International, Singapore owns 100% of the stock of Ahead Magnetics, Inc.  Francis and the Estate admit Ahead Magnetics markets precision components and assemblies for data storage and retrieval to large hard drive manufactures.  Francis and the Estate deny that Ahead is one of

1 three domestic corporations owned and operated by Francis and Margelus Burga through their
2 offshore entities.

3       35(m)  Answering Paragraph 35(m), Francis and the Estate deny that Francis took any
4 alleged actions to create Huritiga International Trading and Financing Limited in Liechtenstein in
5 1999 and deny for lack of information what Margelus Burga did. Francis and the Estate deny for
6 lack of information that Huritiga International Trading and Financing Limited is the 100%
7 shareholder of Huritiga International, Singapore.

8       35(n)  Answering Paragraph 35(n), Francis and the Estate deny that Francis took any
9 alleged actions to create Intervino AG in Liechtenstein in 1989 and deny for lack of information
10 what Margelus Burga did. Francis and the Estate deny for lack of information that Sta. Agricola
11 Rosoretto is 100% owned by Intervino AG.

12       35(o)  Answering Paragraph 35(o), Francis and the Estate deny that Francis took any
13 alleged actions to create Jonax International Aktienesllschaft ("Jonax International") in
14 Liechtenstein in 2001 and deny for lack of information what Margelus Burga did. Francis and the
15 Estate deny for lack of information that Jonax International owns the Burgas' automobiles.

16       35(p)  Answering Paragraph 35(p), Francis and the Estate deny that Francis took any
17 alleged actions to create Limoni Properties in Panama in 2008 and deny for lack of information
18 what Margelus Burga did. Francis and the Estate deny for lack of information that Limoni
19 Properties functions as a holding company.

20       35(q)  Answering Paragraph 35(q), Francis and the Estate deny that Francis took any
21 alleged actions to create Long Reign in Hong Kong in 1997 and deny for lack of information what
22 Margelus Burga did. Francis and the Estate admit that Long Reign provides sales, commissions,
23 trading, and agent services for distribution of computer hardware in China. Francis and the Estate
24 deny for lack of information that Long Reign is a shell company or that Long Reign processed
25 payments between Glide/Write USA and Tru Lieu. Francis and the Estate deny for lack of
26 information that in 2012 Long Reign paid $1.7 million in dividends to its parent company Red
27 Sun. Francis and the Estate deny for lack of information that of the dividends paid by Long Reign
28

1  to its parent company Red Sun, almost $1 million was then paid to Francis in the form of three
2  separate interest-free loans.

3        35(r)    Answering Paragraph 35(r), Francis and the Estate deny that Francis took any
4  alleged actions to create Luxury Swiss SA in Switzerland and denies for lack of information what
5  Margelus Burga did. Francis and the Estate deny for lack of information whether Luxury Swiss
6  SA is closed.

7        35(s)    Answering Paragraph 35(s), Francis and the Estate deny that Francis took any
8  alleged actions to create Luxus Kristal, AG in Switzerland in 2008 and deny for lack of
9  information what Margelus Burga did. Francis and the Estate deny for lack of information
10 whether Luxus Kristal, AG manufactures household tiles.

11       35(t)    Answering Paragraph 35(t), Francis and the Estate deny that Francis took any
12 alleged actions to create Red Sun in Panama in 2002 and deny for lack of information what
13 Margelus Burga did. Francis and the Estate deny for lack of information whether Red Sun
14 functions as a holding company.

15       35(u)    Answering Paragraph 35(u), Francis and the Estate deny that Francis took any
16 alleged actions to create Rixmat Asia in Singapore in 2009 and deny for lack of information what
17 Margelus Burga did. Francis and the Estate admit that Rixmat Asia provides sales, commissions,
18 trading, and agent services for distribution of computer hardware in Singapore. Francis and the
19 Estate deny for lack of information whether Rixmat Asia is a shell company.

20       35(v)    Answering Paragraph 35(v), Francis and the Estate deny that Francis took any
21 alleged actions to create Sewitech, AG in Switzerland in 2002 and deny for lack of information
22 what Margelus Burga did. Francis and the Estate deny for lack of information that Sewitech, AG
23 manufactures lawnmowers.

24       35(w)    Answering Paragraph 35(w), Francis and the Estate deny that Francis took any
25 alleged actions to create Sta. Agricola Rosoretto, SRI ("Sta. Agricola") in Italy in 2010 and deny
26 for lack of information what Margelus Burga did. Francis and the Estate admit that Sta. Agricola
27 operates a winery. Francis and the Estate deny the allegation that Sta. Agricola holds the Italian
28 home of the Burgas.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

35(x)   Answering Paragraph 35(x), Francis and the Estate deny that Francis took any alleged actions to create Tembrix, AG in Switzerland in 1988 or that Francis had any knowledge of Tembrix, AG and deny for lack of information what Margelus Burga did.  Francis and the Estate deny for lack of information that in 1998 Tembrix purchased Glide/Write USA for $4 million and then loaned Glide/Write USA $10 million to cover operating shortfalls.

35(y)   Answering Paragraph 35(y), Francis and the Estate deny that Francis took any alleged actions to create Tru Lieu in Vietnam in 2003 and deny for lack of information what Margelus Burga did.  Francis and the Estate admit that Tru Lieu manufactures computer hardware and is also known as Glide/Write Vietnam.

36.   Answering Paragraph 36, Francis and the Estate deny the allegations contained therein as to Francis and deny for lack of information or personal knowledge the allegations as to Margelus Burga and Peter Meier.

37.   Answering Paragraph 37, Francis and the Estate deny the allegations contained therein as to Francis's involvement in a "false invoicing scheme" but admit Francis was a Vice President of Glide/Write before her husband died and became President after her husband died. Francis and the Estate deny the allegations as to others and the "false invoicing scheme" for lack of information or personal knowledge.

38.   Answering Paragraph 38, Francis and the Estate deny the allegations on the grounds that Francis is not required to answer hypothetical allegations.

39.   Answering Paragraph 39, Francis and the Estate admit the allegations contained therein, except allege that Francis signed the Form A upon the demand of Margelus Burga.

40.   Answering Paragraph 40, Francis and the Estate admit the allegations contained therein, except allege that the Supplement was signed by Francis upon the demand of Margelus Burga.

41.   Answering Paragraph 41, Francis and the Estate admit the allegations contained therein, except allege that the second Supplement was signed by Francis upon the demand of Margelus Burga.

42. Answering Paragraph 42, Francis and the Estate admit the allegations contained therein, except allege that Francis was not involved in the preparation or review of the 1995 to 2008 tax returns as Margelus did not permit her involvement.

43. Answering Paragraph 43, Francis and the Estate deny for lack of information or personal knowledge.

44. Answering Paragraph 44, Francis and the Estate deny for lack of information or personal knowledge.

45. Answering Paragraph 45, Francis and the Estate deny for lack of information or personal knowledge.

46. Answering Paragraph 46, Francis and the Estate admit but allege that Francis had no knowledge of this at the time.

47. Answering Paragraph 47, Francis and the Estate admit but allege that Francis had no knowledge of this at the time.

48. Answering Paragraph 48, Francis and the Estate deny that Francis closed the Romphil *stiftung* and caused its assets to be transferred to a new *stiftung* and deny for lack of information as to Margelus.

49. Answering Paragraph 49, Francis and the Estate admit the allegations contained therein, except deny that Margelus Burga is a defendant in this action.

50. Answering Paragraph 50, Francis and the Estate deny that either Francis or the Estate had any financial interest in the accounts described in Paragraph 12, except for Francis for the UBS Lugano (account ending 405) that was opened by Margelus Burga in 1993 before they were married and deny for lack of information whether the account at UBS Lugano was open during the years 2004 through 2009.

51. Answering Paragraph 51, Francis and the Estate admit the allegations contained therein.

52. Answering Paragraph 52, Francis and the Estate admit that the aggregate balances of all of the accounts combined exceeded $10,000, otherwise deny.

1    53.    Answering Paragraph 53, Francis and the Estate admit that FBARs were not filed
2 as to the accounts listed in paragraph 12 of the Complaint for 2004 to 2008.  Francis and the Estate
3 allege that FBARs were filed for 2009 in 2010 by the Estate.  Francis denies that she was required
4 to file FBARs for the accounts listed in paragraph 12 of the Complaint for 2004 to 2009 except for
5 the account at UBS Lugano if the account was open during the years 2004 through 2009 and
6 alleges that if FBARS were required Francis had reasonable cause for not filing the FBARs.  The
7 Estate denies that it was required to file FBARs for the accounts listed in paragraph 12 of the
8 Complaint for 2004 to 2008.

9    54.    Answering Paragraph 54, Francis and the Estate deny the allegations contained
10 therein.

11    55.    Answering Paragraph 55, Francis and the Estate deny the allegations contained
12 therein, except alleges that if any FBAR penalties are applicable, Francis is not liable for such
13 penalties.

14    56.    Answering Paragraph 56, Francis and the Estate admit that penalties were assessed
15 against Francis but denies that she acted willfully and denies that any penalties were assessed
16 against Margelus Burga.

17    57.    Answering Paragraph 57, Francis and the Estate admit the allegations contained
18 therein.

19    58.    Answering Paragraph 58, Francis and the Estate deny the allegations contained
20 therein.

21    59.    Answering Paragraph 59, Francis and the Estate deny the allegations contained
22 therein.

23    60.    Answering Paragraph 60, Francis and the Estate deny the allegations contained
24 therein.

### .**JURY DEMAND**

Defendants FRANCIS BURGA ACTING IN HER INDIVIDUAL CAPACITY and FRANCIS BURGA ACTING AS THE ADMINISTRATOR OF THE ESTATE OF MARGELUS BURGA demand a trial by jury.

WHEREFORE, Defendants pray that:

1. Plaintiff take nothing by reason of its Complaint;
2. That judgment be entered in favor of Defendants;
3. That Defendants recover their costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

DATED: December 27, 2019        SIDEMAN & BANCROFT LLP

By:    /s/ *Jay R. Weill*
       Jay R. Weill
       Attorneys for FRANCIS BURGA and
       FRANCIS BURGA AS THE ADMINISTRATOR
       OF THE ESTATE OF MARGELUS BURGA

6729-3\4271618